[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff and defendant were divorced on July 19, 1993. Plaintiff was awarded primary physical custody of the minor child and defendant was obligated to pay child support of $300 a month with insurance obligations of $26 a week. Defendant also assumed the substantial debt of the parties on the CT Page 12307 marital residence and remained in residence at the condominium home.
Plaintiff had left the condo with the minor child to allow defendant to remain and gain income from the rental of the second bedroom.
The mortgage, condo and homeowners insurance debt was approximately $1,000 a month.
The defendant was thus obligated to pay approximately $1,400 a month on the expenses of the marital home, insurance and child support.
The defendant's income was approximately $1,700 a month and has declined since the date of marital dissolution.
The defendant was unable to meet his obligations and filed for bankruptcy. The defendant's obligation on the mortgage and related expenses of fees insurance and taxes were discharged.
The property had been foreclosed and the plaintiff is facing a substantial deficiency judgment in an amount exceeding $30,000.
The plaintiff seeks by motion for contempt to enforce the hold harmless and debt obligation of the defendant.
The basic law concerning dischargeability had been that obligations intended for support and maintenance of a spouse are in the nature of alimony and are not discharged § 523 (a)(5)(b) in contrast to obligations intended to sort out and divide property which create a debtor-creditor relationship and are dischargeable In re Christopher Sweeney,99 B.R. 192 (D.Conn. 1989 Schiff) In Matter of Amiretto, 74 B.A. 605 (D.Conn. 1987 Krechevsky). The factors to be considered by courts in distinguishing among these categories are whether the obligation terminates on death or remarriage of debtor's spouse; whether payments appear to balance disparate incomes; whether payments are made to ex-spouse or to third party, whether assumption of obligation was necessary to satisfy daily needs of ex-spouse or provide a home, length of marriage, number of children and intent of parties. Also see Luis v. Luis, 8 CLR #6 193 (1993). CT Page 12308
The consideration of each of these factors leads to the conclusion that the discharged obligations were not in the nature of maintenance or support. The obligation did not terminate by death or remarriage. The plaintiff had a greater income and greater assets. The allocation of debts increased the disparity between plaintiff and defendant. The payments were to third parties rather than plaintiff. The plaintiff did not reside in the home and the payments were not made to provide her a home. The plaintiff's need for a home are impacted by the defendant's discharge as she will face the obligations solely. This scenario would have inevitably resulted as defendant was at all times without assets or income to meet such obligations. The marriage was of nine years duration and there was one child issue of the marriage. The intention of the parties was to allow the defendant to remain in the home and share the expenses with another party; while they waited for a change in the real estate market. Unfortunately, this plan did not work.
The obligations were not support and maintenance. They were properly discharged. The plaintiff's Motion for Contempt is denied.
McWeeny, J.